UNITED STATES of America, Appellee,

Missouri Coalition for the Environment;
Wilhelmina D. Roberts; and
Richard Beatty, Appellants,

v.

The METROPOLITAN ST. LOUIS SEW-
ER DISTRICT (MSD) and The State
of Missouri, Appellees.

No. 88–2512.

United States Court of Appeals,
Eighth Circuit.

Aug. 16, 1989.

Lewis C. Green, St. Louis, Mo., for appellants.

Dirk D. Snel, Washington, D.C., for appellees.

On the Court's own motion the opinion and judgment of May 17, 1989, 874 F.2d 588, is hereby withdrawn and the attached opinion is being filed in its stead.

Before FAGG and BEAM, Circuit Judges, and DUMBAULD,* District Judge.

BEAM, Circuit Judge.

Missouri Coalition for the Environment appeals from the district court's denial of its motion to intervene. We reverse.

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

## I. BACKGROUND

On March 22, 1988, the United States filed a complaint against the Metropolitan St. Louis Sewer District (MSD) and the State of Missouri, at the request of the Administrator of the Environmental Protection Agency (EPA). The complaint alleged that MSD had discharged pollutants into the Mississippi River in violation of effluent standards and without a permit, and that MSD had failed to construct facilities to comply with the Federal Water Pollution Control Act. The relief requested in the complaint included a permanent injunction against any future violations of the Act, an order mandating MSD's compliance with any new permit issued during pendency of the action, an order that MSD undertake an expedited program of modification to its facilities, and civil penalties to be assessed for each day of each violation of the Act.

On July 7, 1988, Missouri Coalition filed its motion to intervene, pursuant to 33 U.S.C. § 1365(b)(1)(B) (1982). Section 1365 provides in relevant part:

(a) **Authorization; jurisdiction.** Except as provided in subsection (b) of this section and section 1319(g)(6) of this title, any citizen may commence a civil action on his own behalf—

(1) against any person * * * who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or

(2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

\* \* \* \* \* \*

(b) **Notice.** No action may be commenced—

(1) under subsection (a)(1) of this section—

\* \* \* \* \* \*

(B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

\* \* \* \* \* \*

(g) **Citizen.** For the purposes of this section the term "citizen" means a person or persons having an interest which is or may be adversely affected.

33 U.S.C.A. § 1365 (West 1986 & Supp. 1988). The Federal Rules of Civil Procedure provide that "anyone shall be permitted to intervene in an action when a statute of the United States confers an unconditional right to intervene." Fed.R.Civ.P. 24(a).

Missouri Coalition's motion to intervene was accompanied by a proposed intervenor complaint. *See* Fed.R.Civ.P. 24(c). The complaint initially incorporated by reference all of the allegations set forth in the complaint filed by the United States, except those relating to the payment of civil penalties. The proposed intervenor complaint also set forth additional facts which the Coalition considered relevant to the determination of an appropriate time schedule for compliance with the Act and to the possible assessment of penalties. In the prayer for relief, Missouri Coalition requested, among other things, that the district court enter an order "[e]stablishing a reasonable schedule in which MSD is to attain compliance with the Clean Water Act, and ordering MSD to take appropriate steps to meet that schedule."

The district court denied the motion to intervene, reasoning that "[b]ecause the intervenors have failed to allege in their complaint any count seeking enforcement of the Clean Water Act's effluent standards or the EPA's 1984 order against MSD, it is inappropriate to permit them to intervene."

## II. DISCUSSION

Intervention as a matter of right is a question of law. We therefore review *de novo* the district court's denial of the motion to intervene. *County of Orange v.*

*Air California,* 799 F.2d 535, 537 (9th Cir. 1986) (citations omitted), *cert. denied., City of Irvine v. County of Orange,* 480 U.S. 946, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987).

■ The plain language of section 1365 states that, if the Administrator has commenced a civil action such as the one here, *"any citizen* may intervene *as a matter of right."* 33 U.S.C. § 1365(b)(1)(B) (1982) (emphasis added). The statute provides that a "citizen" under this section means one with an interest which is or may be adversely affected. *Id.* § 1365(g).

In its motion to intervene and its proposed complaint, Missouri Coalition and two of its named members allege that many of the 25,000 members visit, cross, and frequently observe the bodies of water identified in the United States' complaint and that from time to time these members use these waters for recreational purposes. They also allege that these interests are adversely affected by the pollution of these waters. These allegations are sufficient to give the Coalition and its members constitutional standing and to classify them as "citizens" as defined in section 1365(g). *See Chesapeake Bay Foundation v. American Recovery Co.,* 769 F.2d 207, 209 (4th Cir.1985) (per curiam); *Friends of the Earth v. Consolidated Rail Corp.,* 768 F.2d 57, 60–61 (2d Cir.1985).

■ Intervention is available to Missouri Coalition as a matter of right. We disagree with the district court that the Coalition failed to sufficiently allege enforcement of effluent standards. To the contrary, the proposed complaint accompanying the motion to intervene incorporates by reference those portions of the United States' complaint which allege violation of such standards. Specifically, the United States alleges that MSD has violated the effluent standard requirements of the Clean Water Act by discharging pollutants into the Mississippi River (paragraph 20) and that each of the MSD facilities has violated effluent limitations (paragraph 28). Paragraph 5 of the intervenors' complaint incorporates by reference paragraphs 20 and 28, as well as all other relevant para-

graphs of the United States' complaint. These allegations, combined with Missouri Coalition's request for "compliance with the Clean Water Act," are sufficient to bring the Coalition and its named members within the purview of section 1365(b)(1)(B).

## III. CONCLUSION

For the reasons stated above, we reverse the district court and order that Missouri Coalition for the Environment and its named members be granted leave to intervene in the United States' action against MSD and the State of Missouri.